UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BURNS LANDRUM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | CIV. 14-5088-JLV<br><br>ORDER |

**BACKGROUND**

Plaintiff Burns Landrum initiated this action against defendant United States seeking recovery under the Federal Tort Claims Act ("FTCA"). (Docket 1). Plaintiff pursued administrative remedies under the FTCA. Id. at p. 2. Now plaintiff requests leave to amend his complaint. (Docket 25). The government opposes his motion. (Dockets 30 & 45).

On May 7, 2013, plaintiff was a passenger in a Disabled American Veterans van that collided with another vehicle. (Docket 1 at p. 1). The collision caused the van to roll. Id. Plaintiff suffered injuries. Id. at pp. 1-2. The van was traveling from Fort Meade to Rapid City, South Dakota. Id. at p. 1. Shawn H. Spiers, an agent of the government, drove the van. Id.

In his administrative tort claim, plaintiff sought $685,000 in damages. Id. at p. 2. Plaintiff's current complaint seeks that same amount. Id. Plaintiff's motion to amend his complaint aims to increase the amount of claimed damages to $1,550,000. (Dockets 25 & 25-1 at p. 2).

To argue the increased damages figure is justified, plaintiff focuses on three sources of information. (Docket 26 at pp. 1-2). The first is diagnoses of plaintiff that psychologist Dewey J. Ertz, Ed.D., made after evaluating him in March and June of 2016. Id.; (Docket 27-7). Dr. Ertz's diagnoses were mild neurocognitive disorder due to traumatic brain injury[1] and posttraumatic stress disorder ("PTSD")[2] which plaintiff's previous medical evaluations did not include. (Docket 26 at pp. 1-2). Plaintiff's second focus is the fully favorable decision the Social Security Administration ("SSA") made in September 2015 regarding plaintiff's disabled status and right to benefits. Id.; (Docket 27-5). And third, plaintiff indicates that in June 2017 his counsel received a neuropsychological evaluation Dr. James C. Gardiner conducted in April 2006 finding plaintiff had good cognitive functioning prior to the incident at issue in this case. (Dockets 26 at pp. 1-2 & 27-1).

---

[1]"Traumatic brain injury occurs when an external mechanical force causes brain dysfunction. . . . Mild traumatic brain injury may cause temporary dysfunction of brain cells. More serious traumatic brain injury can result in bruising, torn tissues, bleeding and other physical damage to the brain that can result in long-term complications or death." Traumatic brain injury, Mayo Clinic, available at https://www.mayoclinic.org/diseases-conditions/traumatic-brain-injury/symptoms-causes/syc-20378557.

[2]PTSD "is a mental health condition that's triggered by a terrifying event — either experiencing it or witnessing it. Symptoms may include flashbacks, nightmares and severe anxiety, as well as uncontrollable thoughts about the event." Post-traumatic stress disorder (PTSD), Mayo Clinic, available at https://www.mayoclinic.org/diseases-conditions/post-traumatic-stress-disorder/symptoms-causes/syc-20355967.

**ANALYSIS**

To amend his complaint, plaintiff must meet two standards. He must fit his case within an exception in 28 U.S.C. § 2675(b). He also needs to satisfy the Federal Rules of Civil Procedure. The statutory standard is more demanding, so the court analyzes it first.

**I. 28 U.S.C. § 2675(b)**

Under 28 U.S.C. § 2675(b), the amount of damages pursued in an FTCA action must match the amount presented in the administrative process, unless an exception applies. See Michels v. United States, 31 F.3d 686, 687-88 (8th Cir. 1994). The amount sought in an FTCA lawsuit can be larger when it "is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).[3] "By its terms, the FTCA bars actions for damages in excess of the administrative claim in all but two circumstances: (1) where the plaintiff proves 'newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency,' or (2) where the plaintiff proves 'intervening facts.'" Milano v. United States, 92 F. Supp. 2d 769, 774 (N.D. Ill. 2000) (quoting Lowry v. United States, 958 F. Supp. 704, 711 (D. Mass. 1997)).

---

[3]The subsection states in full: "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

"The FTCA, as a statute waiving sovereign immunity, must be complied with strictly." Malmberg v. United States, 816 F.3d 185, 196 (2d Cir. 2016). "[C]ourts have uniformly placed the burden of proving either intervening facts or newly discovered evidence on the FTCA claimant." Michels v. United States, 815 F. Supp. 1244, 1260 (S.D. Iowa 1993), aff'd, 31 F.3d 686 (8th Cir. 1994); see Kennedy v. United States, 7:13CV5011, 2016 WL 3014657, at *2 (D. Neb. May 24, 2016). In discussing the three sources of information justifying his amended complaint, plaintiff generally refers to them as "new evidence and intervening facts[.]" (Docket 26 at pp. 1, 10).

"[W]hether the plaintiff is seeking an increase under the rubric of 'newly discovered evidence' or 'intervening facts,' one of the key issues is foreseeability. If the condition was reasonably foreseeable at the time the claim was filed, an increase will not be allowed. On the other hand, if it was not, . . . an increase may be allowed." Lowry, 958 F. Supp. at 711. "[W]hile courts do not charge a claimant with knowing [what] the physicians could not tell him, the information must not have been discoverable through the exercise of reasonable diligence." Low v. United States, 795 F.2d 466, 470 (5th Cir. 1986) (internal citation omitted). "[W]hen existing medical evidence and advice put the claimant 'on fair notice to guard against the worst-case scenario' in preparing the administrative claim," no § 2675(b) exception applies. Michels, 31 F.3d at 688 (quoting Reilly v. United States, 863 F2d 149, 172 (1st Cir. 1988)). However, "a known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician, and . . . such

4

'newly discovered evidence' or 'intervening facts,' if convincingly proved, can warrant § 2675(b) relief." Id. (quoting § 2675(b)). In Michels, The United States Court of Appeals for the Eighth Circuit held "that § 2675(b) contains an objective standard—'newly discovered evidence not *reasonably* discoverable.' " Id. at 689 (emphasis in original) (quoting § 2675(b)).

### a. Dr. Ertz

Plaintiff asserts Dr. Ertz's diagnoses meet both exceptions under § 2675(b). (Docket 26). He claims "it was not reasonably foreseeable when notice was filed that [he] would be suffering from the injuries he now is." Id. at pp. 9-10. In opposition, the government argues plaintiff's "medical records make repeated reference to the possibility that Plaintiff may suffer from PTSD[.]" (Docket 30 at p. 7) (citing Dockets 31-4, 31-5 & 31-6). The government also contends plaintiff's argument fails because his "administrative claim and subsequent complaint both reference the existence of a [']traumatic brain injury' resulting in 'permanent injury.' " Id. (citing Dockets 31-1 at p. 22 & 1 at p. 19).

With respect to plaintiff's PTSD diagnosis, he meets his burden. As the government points out, Terry R. Hicks, M.D., evaluated plaintiff for PTSD in October 2010, prior to the van collision. (Docket 31-6). Dr. Hicks concluded plaintiff did not have PTSD. Id. at pp. 5-6. Then in June 2016, after plaintiff filed this lawsuit, Dr. Ertz diagnosed him with PTSD, opining "his post-trauma symptoms were delayed for at least two months and likely longer based on the information contained in the reports reviewed from his past neuropsychological

5

evaluations[.]" (Docket 37-7 at p. 10). Dr. Hicks directly found no PTSD, the van collision occurred, and Dr. Ertz subsequently diagnosed PTSD as a condition with symptoms delayed no less than two months. On that record, the court finds plaintiff's PTSD would "not have been discoverable through the exercise of reasonable diligence." Low, 795 F.2d at 470; see also Reilly, 863 F.2d at 173 (charging plaintiffs with "matters known or easily deducible" when the claim is filed). Dr. Ertz's opinions regarding comprehensive treatment options for plaintiff's PTSD further support plaintiff's position on this issue because they provide context to his new alleged damages. (Dockets 37-7 at pp. 10-11 & 39-1).

As to Dr. Ertz's diagnosis related to plaintiff's traumatic brain injury, plaintiff fails to carry his burden. It is inconsistent for plaintiff to state during the administrative process and in his complaint that he "sustained a traumatic brain injury, which is a permanent injury[,]" and then argue down the road that Dr. Ertz's diagnosis of mild neurocognitive disorder due to traumatic brain injury was not foreseeable. (Dockets 31-1 at p. 22 & 1 at p. 19). Based on plaintiff's representations, he believed at those earlier times the medical evidence supported finding he suffered a traumatic brain injury. "[T]he condition was reasonably foreseeable at the time the claim was filed," because plaintiff alleged its existence, so "an increase [on that basis] will not be allowed." Lowry, 958 F. Supp. at 711.

Plaintiff is correct that change in the severity of a condition is relevant. See Michels, 31 F.3d at 688 ("[A] known injury can worsen in ways not

6

reasonably discoverable by the claimant and his or her treating physician, and . . . such 'newly discovered evidence' or 'intervening facts,' if convincingly proved, can warrant § 2675(b) relief.") (quoting § 2675(b)); see also Kenney v. U.S. Postal Service, 298 F. Supp. 2d 139, 145 (D. Me. 2003) ("An injury that worsens after the administrative notice is filed in a manner that was not reasonably foreseeable when the notice was filed does come within the statutory exception."). But plaintiff does not demonstrate how—considering he claimed traumatic brain injury earlier—Dr. Ertz's subsequent diagnosis of the condition "was not reasonably foreseeable[.]" See Kenney, 298 F. Supp. 2d at 145. Although "a known injury can worsen in ways[,]" plaintiff fails to "convincingly prove[ ]" how any change in severity was "not reasonably discoverable by [him] or his . . . treating physician[.]" Michels, 31 F.3d at 688.

The court finds the evidence related to plaintiff's PTSD diagnosis meets § 2675(b) and the evidence of his traumatic brain injury diagnosis does not meet the statute.

**b. SSA determination**

Plaintiff argues the SSA's determination he is disabled and entitled to benefits fulfils the exceptions in § 2675(b). (Docket 26). The record includes minimal information regarding the SSA's determination. Plaintiff filed the notice of the SSA's determination. (Docket 27-5). He refers to the notice in his briefs, and he provides some explanation on how the determination factors into his claim for loss of income and future loss of income. (Dockets 26 & 38 at pp. 4-5). Almost completely absent from the record is any fact describing or

7

giving context to plaintiff's SSA claim. Within plaintiff's discussion of his loss of income in his reply brief, he states his date of injury in the SSA case was May 7, 2013. (Docket 38 at p. 5). Because that is the same date as the van collision in this case, it appears the van accident was also at the center of plaintiff's SSA case. Otherwise, the court has no information on what medical history plaintiff presented to the Administrative Law Judge ("ALJ") or the basis for the ALJ's decision. The current state of the record prevents the court from analyzing the "key issue[ of] foreseeability." See Lowry, 958 F. Supp. at 711. Without the necessary information, the court cannot conclude the SSA's determination meets § 2675(b). Plaintiff fails to carry his burden of providing that information.

### c. Dr. Gardiner

Plaintiff contends Dr. Gardiner's 2006 neuropsychological evaluation fits under the exceptions in § 2675(b). (Docket 26). Plaintiff indicates Dr. Gardiner concluded he "was superior in full scale intelligence; verbal intelligence; visual reasoning, as measured by the ability to understand visual patterns; abstract reasoning, as shown by the ability to classify objects; and vocabulary, as demonstrated by the ability to define words orally." (Docket 38 at pp. 7-8) (citing Docket 37-1 at p. 3). According to plaintiff, Dr. Gardiner's evaluation is "a prior benchmark [that] is crucial in determining the severity of the [traumatic brain] injury." Id. at p. 7. The government argues this evaluation was "discoverable through the exercise of reasonable diligence[.]" (Docket 30 at p. 9).

8

Plaintiff fails to carry his burden on this issue. It is plaintiff's responsibility to demonstrate that Dr. Gardiner's evaluation is "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency[.]" 28 U.S.C. § 2675(b). Plaintiff and his counsel arranged a significant volume of medical documents prior to pursuing his administrative remedies. See generally Docket 1. Under the statute's objective standard, see Michels, 31 F.3d at 689, the Gardiner evaluation was "discoverable through the exercise of reasonable diligence." Low, 795 F.2d at 470.

## II. Federal Rules of Civil Procedure 15 and 16

Under Rule 15(a), a plaintiff may amend a complaint as a matter of right if the amendment occurs within a specified time period after service of the complaint. Fed. R. Civ. P. 15(a)(1)(A)-(B). Beyond that time period the plaintiff must obtain the defendant's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts freely permit amended complaints as justice requires. See Friedman v. Farmer, 788 F.3d 862, 869 (8th Cir. 2015) ("A district court 'should freely give leave [to amend] when justice so requires.' ") (citing Fed. R. Civ. P. 15(a)). But courts also ask whether denying leave to amend is proper because of the plaintiff's "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted).

"Rule 15(a) does not apply when, as here, the district court has established a deadline for amended pleadings" under Rule 16(b) and the motion to amend comes after that date. See Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (internal quotation marks omitted). Based on the parties' discovery report, the court's scheduling order set September 11, 2015, as the deadline for motions to amend pleadings. (Docket 9). Before this motion to amend was filed, the court granted the parties several extensions of deadlines, but those did not include extending the deadline for amending the pleadings. (Dockets 14, 16, 19 & 23). Plaintiff filed his motion to amend on June 27, 2017, after the deadline expired. (Docket 25). "Thus, the liberal policy favoring amendments no longer applie[s,]" and plaintiff "need[s] to make a showing of good cause." Kozlov, 818 F.3d at 395 (internal quotation marks omitted) (citing Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")).

"When considering good cause for an amended complaint, the diligence of the party seeking the amendment is an important consideration." Id. Courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then [courts] may conclude that the moving party has failed to show good cause." Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (internal citation and quotation marks omitted).

10

The court finds Rule 16(b) is met.  Focusing on Dr. Ertz's opinions about plaintiff's PTSD, which satisfies § 2675(b), plaintiff was evaluated by Dr. Ertz in March and June of 2016.  (Docket 27-7).  After Dr. Ertz's evaluation, the parties continued engaging in settlement negotiations, including a settlement conference with a magistrate judge.  (Dockets 30 at pp. 2-3 & 21).  Soon after the settlement conference did not resolve the case, plaintiff moved to amend his complaint.  (Dockets 21 & 25).  Based on the court's findings on Dr. Ertz's PTSD diagnosis, this is a case where plaintiff shows "newly discovered facts[ ] or a[ ] . . . changed circumstance" which demonstrates diligence and good cause.  See Hartis, 694 F.3d at 948.  This is not a case were the motion to amend "would prejudice the nonmoving party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy[.]' "  Kozlov, 818 F.3d at 395 (quoting Steir v. Girl Scouts of the U.S.A., 383 F.3d 7, 12 (1st Cir. 2004)).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion to amend his complaint (Docket 25) is granted.

IT IS FURTHER ORDERED that the amended complaint shall be filed by **February 16, 2018**.

Dated February 9, 2018.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE