UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BURNS LANDRUM,<br><br>　　　　　Plaintiff,<br>　vs.<br>UNITED STATES OF AMERICA,<br>　　　　　Defendant. | CIV. 14-5088-JLV<br><br>ORDER |

　　　　Plaintiff Burns Landrum initiated this action against defendant United States seeking recovery under the Federal Tort Claims Act ("FTCA"). (Docket 51). On May 7, 2013, plaintiff was a passenger in a Disabled American Veterans van that collided with another vehicle. Id. at p. 1. The collision caused the van to roll. Id. Plaintiff alleges he suffered injuries and has been diagnosed with post-traumatic stress disorder, a traumatic brain injury and adjustment disorder. Id. at pp. 1-2. The parties are in the discovery phase of the case.

　　　　The government filed a motion for an order requiring plaintiff to submit to an independent psychological examination. (Docket 56). The government wants Jennifer Geiger, a clinical psychologist and board-certified neuropsychologist, to conduct the examination at her office in Louisville, Colorado. (Dockets 57 & 58). Plaintiff, who lives in Rapid City, South Dakota, opposes the motion because his own psychologist, Dewey Ertz, determined traveling outside of Rapid City would "place [plaintiff] at severe emotional risk and negatively impact his current symptom patterns." (Docket 61-2 at p. 1);

(Docket 60). Dr. Ertz explains, "[p]lacing increased stress on [plaintiff] by requiring that he travel out of Rapid City is also expected to result in reliability and validity concerns for further assessment purposes." (Docket 61-2 at p. 1). The government argues that without a finding of bias or prejudice, the court should permit its own neuropsychologist, Dr. Geiger, to conduct the examination at her office. (Docket 62). Based on Dr. Geiger's clinical schedule, daily business management and supervision of a practicum student, Dr. Geiger asserts she "cannot travel to Rapid City, South Dakota, to conduct an independent psychological examination of Mr. Landrum." (Docket 58 at p. 1).

Rule 35(a) is the applicable Federal Rule of Civil Procedure and it provides:

> (a) Order for an Examination.
>
>> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>>
>> (2) Motion and Notice; Contents of the Order. The order:
>>
>>> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>>>
>>> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). "A party seeking an order for a Rule 35 [examination] must show two things: (1) that the plaintiff has put his physical or mental condition 'in controversy' and (2) that there is 'good cause' for the [exam]."

2

Degroot v. Kuipers, No. CIV. 13-4089, 2014 WL 4198376, at *2 (D.S.D. Aug. 22, 2014) (quoting Schlagenhauf v. Holder, 379 U.S. 104, 117-18 (1964)).

Plaintiff agrees with the government that his physical or mental condition is in controversy. (Docket 60 at p. 1). Plaintiff is willing to undergo an independent psychological examination with the government's choice of psychologist; he objects only to the process occurring anywhere beyond Rapid City. Id. The court finds plaintiff's physical or mental condition are in controversy and good cause exists for the examination. Fed. R. Civ. P. 35(a)(1) & (2)(A).

As the government highlights, "generally, the movant is permitted to select the [person] to conduct the examination, absent a finding of bias or prejudice." Degroot, 2014 WL 4198376, at *2. But the issue here is more the exam's location than the examiner's identity. The core of this dispute is plaintiff will not travel to Colorado and Dr. Geiger claims she cannot come to South Dakota. The government's reply brief and Dr. Geiger's declaration set forth several points of disagreement with Dr. Ertz's opinion. (Dockets 58 at pp. 2-3 & 62 at pp 5-9). If this case proceeds to a court trial, the court will be required to analyze all expert opinions entered into evidence. But at this stage of the case, in the context of a discovery dispute, the court will not harshly scrutinize and discredit an expert opinion. The court appreciates Dr. Ertz and Dr. Geiger's opinions on this matter and they factor into the balance of equities.

The court finds the proper and equitable decision is to grant in part and deny in part the government's motion. Plaintiff shall undergo an independent psychological examination conducted by Dr. Geiger or a different qualified person of the government's choosing. The examination shall take place in Rapid City, South Dakota. As a party to this lawsuit whose physical and mental wellbeing are critical to a just outcome, plaintiff's interests in this discovery dispute outweigh the schedule and business management interests of Dr. Geiger.

Based on the above analysis, it is

ORDERED that the government's motion for an independent psychological examination (Docket 56) is granted in part and denied in part.

IT IS FURTHER ORDERED that on or before **June 5, 2018**, the government shall submit a filing—consistent with this order—detailing its proposed "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35 (a)(2)(B). The government shall submit this filing after conferring with plaintiff about the filing's contents and indicate whether plaintiff objects.

Dated May 21, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE